

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed August 19, 2018

_____
United States Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 17-34255-SGJ-11 |
| **FM 544 PARK VISTA LTD., and** | § | CASE NO. 17-34274-SGJ-11 |
| **PAVIST LLC,** | § | |
| | § | Jointly Administered Under |
| Debtors. | § | Case No. 17-34255-SGJ-11 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING MOTION FOR DETERMINATION THAT PLAN MODIFICATIONS DO
NOT ADVERSELY AFFECT ANY ACCEPTING CREDITOR THAT HAS NOT
<u>ACCEPTED THE MODIFICATIONS IN WRITING</u>**

On this day came on for consideration the *Motion for Determination That Plan Modifications Do Not Adversely Affect Any Accepting Creditor That Has Not Accepted the Modifications in Writing* [Dkt. No. 275], filed on August 14, 2018 (the "**Plan Modification Motion**") by FM 544 Park Vista LTD. ("**FM 544**") and Pavist LLC ("**Pavist**") (collectively sometimes, the "**Debtors**") by and through their Chapter 11 Trustee, Kevin D. McCullough ("**Trustee**") (the "**Plan Proponent**"). The Court, after noting that due notice of the Plan

Modification Motion had been given to all parties-in-interest at the Confirmation Hearing and after the consideration of the evidence submitted and the arguments of counsel during the confirmation hearing makes the following findings of fact and conclusions of law supplementing the Court's oral recitation:

## FINDINGS OF FACT

1. Adequate information was contained in Trustee's *Amended Joint Disclosure Statement* in this case as set forth in Section 1125 of the Code.

2. The Trustee's *Amended Joint Plans of Reorganization/Liquidation* (the "**Amended Joint Plans**") filed by the Trustee, was not modified in such a manner that either classification or treatment of any creditor that voted to accept the Plan was materially altered in an adverse manner.

3. The Plan Modification Motion does not cause a material adverse change to the treatment of any class of creditors or interests that voted to accept the Plan, but which has not accepted the Plan Modifications in writing, as such parties' written consents to the modifications were attached to the Plan Modification Motion.

4. Notice sent to the twenty (20) largest creditors and those requesting notice is sufficient notice for modifications that do not cause a material adverse change to the treatment of creditors or interest holders which voted to accept the Plan.

## CONCLUSIONS OF LAW

1. The Trustee's Amended Joint Plans, as modified, do not violate Sections 1122 and 1123 of the Code.

2. The Trustee's Amended Joint Plans, as modified, meets all of the requirements of Section 1129 of the Code.

3. The Plan Proponent meets the qualifications of Section 1125 of the Code by virtue of the *Amended Joint Disclosure Statement*.

4. All creditors and interest holders who voted in favor of Trustee's Amended Joint Plans are deemed to have accepted the Plan Modifications.

### # # # END OF ORDER # # #

**SUBMITTED BY:**

E. P. Keiffer (SBN 11181700)
**ROCHELLE MCCULLOUGH, LLP**
325 North Saint Paul St., Suite 4500
Dallas, TX 75201
Telephone: (214) 953-0182
Facsimile: (214) 953-0185
Email: pkeiffer@romclaw.com

**ATTORNEYS FOR KEVIN MCCULLOUGH,
CHAPTER 11 TRUSTEE**